## No. 9935.

### OLDEN, ADMINISTRATRIX, *v.* THE NORTH POUDRE IRRIGATION Co.

Decided January 9, 1922.

Action to quiet title to stock in an irrigation corporation. Judgment for defendant.

### *Affirmed.*

1. APPEAL AND ERROR—*Findings.* Findings of the trial court on conflicting evidence, will not be disturbed on review.

2. CONTRACT—*Ratification.* Evidence concerning a written contract for the transfer of stock in an irrigation corporation, signed by one as "agent," reviewed and held not to establish ratification by the company.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Messrs. STOW, STOVER & MANTZ, for plaintiff in error.

Mr. R. W. FLEMING, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiff in error was plaintiff below. After evidence for both parties the complaint was dismissed.

The suit was brought to quiet title to twelve shares of stock in defendant company, and to compel the issue of certificates therefor; it was based upon a contract dated October 28, 1904, whereby one F. C. Grable, describing himself as "Agent," sold and agreed "to have conveyed" to Orlo E. Olden, plaintiff's intestate, five certain tracts of land with eighteen shares of stock in said company. The contract was signed "F. C. Grable, Agent." No principal was named, indicated or mentioned. The defendant company was referred to as holder of an incumbrance on land other than the said tracts and stock in said company was mentioned, otherwise there was no reference to defendant in the contract; the said land, however, at the date of the contract, belonged to the company.

Plaintiff undertook to show *aliunde* that the contract in question was made for the company and that Grable had authority to make it, but we think the evidence fell short; at all events the court found for defendant on the evidence and we cannot disturb its finding.

There was no evidence that the contract was made for the company except that it afterwards conveyed the land, and that it had a contract with Grable by which, to facilitate sales of land, it was to deliver him certain stock upon payments, all consistent with the theory that the contract was not that of the company.

The claim was made that there was a ratification of the contract by the company. During Orlo E. Olden's life two of the five tracts were conveyed to him, the water stock, apportioned by the contract to each tract was transferred and certificates were issued to Olden by the company. After Olden's death the remaining three tracts but not the water were conveyed to the plaintiff in error by the company; but there is no direct evidence that the company then knew of the contract, and the president says that it did not. Grable had absconded, and did not testify. Afterwards, when the question of transferring the water came

up, nothing could be found by the company's officers showing any right in plaintiff in error, and the transfer was refused. Mrs. Olden got water for several years for use upon the tracts last conveyed to her but she paid the company rent for it.

Under this evidence we cannot say that the court was wrong in its conclusion that there was no ratification.

Judgment affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.